## L. J. HOBART

*v.*

## EDWIN F. REEVES *et al.*

MECHANIC'S LIEN—*sufficiency of petition as to compliance with contract.* Where a contract requires the contractor to furnish the material and complete a building, but contains a clause, that the owner is to pay a third party a certain sum by assuming bills for lumber for the building, and to a cer-

tain extent, and the balance of such sum when such other party completes the carpenter work, a petition by such contractor for a mechanic's lien, which sets out these facts, and avers that the third party furnished the lumber and finished the carpenter work, and that the contractor furnished material and completed the balance of the work, and that the entire work is completed and the building accepted by the owner, shows a substantial compliance with the contract, and is sufficient to entitle him to a lien.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Messrs. BARBER & LACKNER, for the appellant.

Messrs. SLEEPER & WHITON, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition, filed in the circuit court of Cook county, by appellees against appellant, to enforce a mechanic's lien.

Appellant filed a general demurrer to the petition, which the court overruled, and a decree was entered in favor of appellees.

The only objection made to the petition is, that it fails to show a performance of the contract on the part of the *petitioners.*

The objection is not tenable. The contract set out in the petition, it is true, requires appellees to furnish the material and complete the building. It, however, contains a clause that appellant is to pay J. S. Miller $1000, by assuming the bills for the lumber for the building to the amount of $700, and the balance to be paid to J. S. Miller when he completes the job of carpenter work.

It is averred in the petition, that it was agreed that Miller should furnish all lumber and do all the carpenter work, and appellees should furnish the material and do all the mason work. It is also averred, that appellees furnished the material and did all the mason work, and that Miller furnished the material and did the carpenter work. That the entire work has been completed, and the building accepted by appellant.

This, we regard as sufficient. The contract expressly shows

that Miller was to furnish the material and do the carpenter work, and the averment that the carpenter work was all completed by Miller, shows a substantial performance of the contract by appellees.

The decree of the circuit court will be affirmed.

*Decree affirmed.*